## Abstracts of This Week's
# SUPREME COURT OPINIONS

### SYLLABI

No. 19496—John A. Zangerle, Auditor et al v. State ex rel Frederick P. Walther. Error to the Court of Appeals of Cuyahoga County.

**1064. SALARIES—1.** Under Sec. 14 Art. IV of Constitution, the compensation of Common pleas Judges can neither be increased nor diminished during their term, nor does such vary with amount of services.

2. Such compensation is to be received at "stated times" and not upon the approval of another official.

**1104. STATUTES.** Sec. 2252 GC. providing for payment quarterly from the county treasury, is valid; but clause in Sec. 1558 GC. requiring approval of Chief Justice as a prequisite to payment is constitutionally invalid.

JONES J.

1. Under Section 14, Article IV of the Ohio Constitution, the compensation of common pleas judges can neither be increased nor deminished during their term, and if once fixed it cannot be denied; nor does such compensation vary with the amount of service rendered by the occupant of the office.

2. The provisions of that section require that such judges shall receive the compensation provided by law at "stated times," and not at times depending upon procurement of the approval of another official.

3. Section 2252, General Code, providing that such compensation shall be paid quarterly from the county treasury, is a valid legislative act; but the clause in Section 1558, General Code, (110 OL. 52) requiring the approval of the Chief Justice as a prerequisite to the issuance of a warrant by the county auditor, is constitutionally invalid.

Judgment affirmed.

Matthias, Day, Kinkade and Robinson, JJ., concur; Marshall, C. J., and Allen, J., dissent.

No. 19467—Bessie B. Kimbark v. Timken Roller Bearing Co. Error to the Court of Appeals of Stark County.

**480. EVIDENCE.** Where agent of A. whether acting under general or limited authority from B, obtained the transfer of her stock which A. received and retained, evidence of what was said in the presence of B and A's agent is competent in suit for conversion, irrespective of extent of agent's authority.

**54. AGENCY.**—Where principal obtains stock thru unauthorized agreement of his agent, and retains it, the responsibility of ratification or rescission is upon principal, upon learning thereof.

ROBINSON J.

1. Where the agent of A., whether acting under a limited or general authority, obtained from B, the transfer of her stock to A., and possession of her stock certificates, which A. received and retained: Held: Evidence of what was said in the presence of B. and the agent of A. at the time of such transfer is competent in a suit for conversion of the stock, irrespective of the extent of the authority of the agent.

2. Where a principal obtains a transfer of stock and possession of the stock certificate through an unauthorized agreement of his agent, the responsibility of ratification or rescission of such agreement devolves upon him upon learning of such unauthorized agreement.

Judgment reversed.

Marshall, C. J., Matthias, Allen and Kinkade, JJ., concur.

No. 19227—Fred H. Slatmeyer v. Industrial Commission of Ohio.

**1283. WORKMEN'S COMPENSATION.**— Sec. 1, Art. II, Constitution as amended 1923, making the findings of Industrial Commission final, is not violation of due process clause of Federal Constitution bceause it is not final as to questions of law when an additional award is imposed for failure to comply therewith.

**681. JURISDICTION.**—Sec. 871-38 GC. does not allow courts to review findings on added award, but all questions save where commission is final may be determined in single suit wherein employer when sued may contest the legal questions determined by commission before making additional award.

JONES, J.

1. Section 35 of Article II of the Ohio Constitution, as amended in 1923, conferred upon the Industrial Commission of Ohio full power and authority to hear and determine "whether or not an injury, disease or death resulted because of the failure of the employer to comply with any specific requirement for the protection of the lives, health or safety of employees, enacted by the general assembly or in the form of an order adopted by such board"; upon that question of fact the decision of the commission is final. That feature of the Ohio constitution does not violate the due process clause of the federal constitution. The Ohio constitution has not extended such finality of decision to questions of law arising in a proceeding where an additional award is imposed for the failure to comply with such specific requirement.

2. Section 871-38, General Code, does not confer upon this court jurisdiction to review the decision of the commission in respect to the imposition of the added award. All questions relating to such additional award, save that upon which the decision of the commission is final, may be heard and determined in a single suit wherein the employer, when sued under Section 1465-74, General Code, for the compensation fixed, may contest the basic legal questions necessary to be determined by the commission before making such additional award. (Pittsburgh Coal Co. v. Industrial Commission, 108 Ohio St., 185; Gatton v. Industrial Com., 93 Ohio St., 203; assig v. Industrial Com., 95 Ohio St., 232 and, DeWitt v. Attorney General, 108 Ohio St., 513, followed.)

Demurrer sustained.

Matthias, Day and Kinkade, JJ., concur., Robinson, J., concurs in proposition 1 of the syllabus, but not in proposition 2 nor in the judgment. Marshall C.J., dissents.